**FISH.**
FISH & RICHARDSON

September 20, 2017

VIA ECF

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/21/17
```

Fish & Richardson P.C.
601 Lexington Avenue
52nd Floor
New York, NY 10022

212 765 5070 main
212 258 2291 fax

The Honorable Judge Colleen McMahon
United States District Court
Southern District of New York
500 Pearl Street, Room 2550
New York, New York 10007

**John S. Goetz**
Principal
Goetz@fr.com
212 641 2277 direct

Re: Sharp Corporation v. Hisense Electric, Co. Ltd. et al. Case No. 1:17-cv-5404

Dear Judge McMahon:

**MEMO ENDORSED**

*[Handwritten annotation: 9/21/17 Conference adjourned to 11/17/17 @ 10:00 Am — M. McM]*

We write on behalf of Defendants (collectively "Hisense") in the above-referenced case to inform the Court that we are filing contemporaneously with this letter a pre-answer motion (approximately three weeks before the deadline) and to request, in light of that motion, an adjournment of the Rule 16 scheduling conference currently set for this Friday, September 22. Simply put, while we are happy to proceed with the conference on Friday, we think it most efficient (for both the parties and the Court) to have the conference after the motion has been fully briefed.

The motion seeks, among other things, to dismiss this case for improper venue or in the alternative transfer to the U.S. District Court for the Northern District of Georgia (where Hisense has offices) in light of the Supreme Court's recent *TC Heartland* decision.[1] Given the dispositive nature of this motion, Hisense believes it would be most efficient for the Court to consider the motion, after it is fully briefed, before spending any time or energy on scheduling and discovery issues. If the Court determines that this case is not properly before the Court in the first place and needs to be dismissed or transferred to Georgia, time spent on scheduling and discovery issues will of course be wasted effort. For that reason, Hisense respectfully submits that adjournment is appropriate.

We understand from counsel for Sharp that Sharp would prefer to move forward with the initial scheduling conference and that they oppose our request for adjournment based on Hisense's previous agreement not to delay the initial pretrial conference. While it is true that Hisense agreed to have the conference before the answer was due—because the conference would still be productive even though early—the circumstances have since changed. Since that time, Hisense and the undersigned counsel have diligently analyzed the facts, defenses, and potential responses to the complaint, and we have since determined that (in our view) venue is not proper under the law announced by the Supreme Court in *TC Heartland*, a dispositive issue that could render the

---

[1] *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514 (2017)

fr.com



initial scheduling conference a waste of everyone's time. In addition, Hisense has precisely endeavored not to delay the case by filing our pre-answer motion almost three weeks prior to the deadline for filing an answer, demonstrating that Hisense is not seeking adjournment for purpose of delay. We are seeking adjournment to conserve the resources of the Court[2] and the parties.

Of course, as noted, if the Court would prefer to move forward with the scheduling conference on September 22, we are more than happy to do so.

Respectfully Submitted,

/s/ *John S. Goetz*
John S. Goetz, Esq.

cc: Counsel of Record

---

[2] The common-sense approach Hisense is suggesting here dovetails nicely with our understanding of the Court's Individual Practice rules and general practice of adjourning the scheduling conference upon request until a pending motion has been fully briefed.